USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 4-9-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
In re FAIVELEY TRANSPORT MALMO AB
------------------------------------- x

08 Civ. 3330 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On April 7, 2008, the Court held a conference with the parties in this case, Faiveley Transport Malmo AB ("Faiveley") and Wabtec Corporation ("Wabtec"), during which the Court set the following schedule:

Faiveley shall provide to Wabtec by April 14, 2008 a statement specifying the trade secrets it claims have been appropriated. If Wabtec has any objections to any alleged lack of specificity in that statement, it shall serve them on Faiveley by April 17. If Wabtec serves such objections and Faiveley wishes to respond to them, it shall do so by April 21. The parties shall submit the statement, objections, and response to the Court by close of business on April 21, and the Court will resolve any dispute by April 23.

Production of all non-privileged document shall be completed by May 16, 2008. All privileged documents shall be recorded in privilege logs, also to be produced by May 16. If either party has objections to the other party's designation of documents as privileged, it shall serve written objections by May 22. Any response to those objections shall be served by May 26. The parties shall submit the log, objections, and responses to the Court by close

of business on May 26, and the Court will resolve any disputes by May 28.

Depositions of fact witnesses shall be completed by June 9, 2008.

Both parties shall provide expert disclosures and reports by June 16, 2008. Rebuttal expert reports, if any, shall be provided by June 23.

Depositions of experts shall be conducted between July 2 and July 10, 2008.

The Court will hold a hearing on Faiveley's application for a preliminary injunction beginning on Monday, July 28, 2008 and continuing each day thereafter, except for July 30, when the Court will not be sitting. By July 21, the parties jointly shall submit a statement describing the issues to be addressed in the hearing, each party's position on those issues, and a list of witnesses to be called at the hearing. This order need not contain a list of the exhibits to be introduced by each party, although the parties should provide one another with a list of such exhibits.

At the April 7 conference, the Court, in addition to setting the schedule set forth above, issued the following ruling regarding production of documents, effective immediately: All documents produced by the parties in discovery shall initially be for <u>attorneys' eyes only</u>. Counsel for the receiving party shall then have the burden of notifying the producing party, in writing and on a rolling basis, as to which such documents should be removed from the

restriction so that they can be shared with the receiving counsel's client. Following receipt of each such notification, the producing party shall have three days to respond with any objections to the removal of such restriction. If such disputes cannot be promptly resolved by counsel, counsel should jointly contact chambers and set a schedule for submissions regarding the disputed documents. However, the Court urges the parties to work to reach agreement without the Court's intervention on this as well as other issues, as they have now proved able to do on previously outstanding disputes.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
April 8, 2008